Per Curiam:
Hoy nos encontramos ante el incumpli-miento de un notario con su deber de custodiar celosa-mente los Protocolos que le pertenecen al Estado, los cua-les, por motivo de su negligencia, no se podrán reconstruir. Como consecuencia de tal omisión, este Tribunal se ve en la obligación de suspenderlo inmediatamente del ejercicio de la notaría.
I
El Ledo. Ronald L. Rosenbaum fue admitido al ejercicio de la abogacía el 13 de diciembre de 1968 y al de la práctica de la notaría el 21 de febrero de 1969.
*117 Tan reciente como el 13 de febrero de 2012, el letrado nos informó que extravió los Tomos 7 del Protocolo del 2005 (Escrituras 355 a 418) y los Tomos 14, 15 y 16 del Protocolo del 2006 (Escrituras 198 a 305), por lo que solicitó autori-zación para comenzar la reconstrucción de éstos. La misma fue autorizada por este Tribunal.
Durante el trámite de rigor, la Oficina de Inspección de Notarías (ODIN) informó, a su vez, que las Escrituras 17 y 18 del año 2005 adolecían de las últimas páginas. Así las cosas, mediante Resolución de 12 de abril de 2012, le con-cedimos al licenciado Rosenbaum un término de noventa días para reconstruir los documentos extraviados.
Posteriormente, el 31 de julio de 2012, el licenciado Ro-senbaum nos informó que está mayormente retirado y pasa gran parte del tiempo en su residencia en el estado de la Florida. Además, indicó los trámites realizados para la reconstrucción de la obra notarial y que cerró sus oficinas debido a la pérdida de varios de sus clientes. En cumpli-miento con nuestras órdenes, el letrado compareció nueva-mente el 19 de marzo de 2013 y detalló el resto de las gestiones realizadas para la reconstrucción de la obra notarial.
En síntesis, el licenciado Rosenbaum expuso que no tiene la mayoría de los expedientes, las llamadas realiza-das a los clientes y a las entidades que representaba, e indica que no posee copia de los documentos. De igual forma, señaló que las gestiones realizadas han sido infructuosas.
En cumplimiento con lo ordenado por este Tribunal, ODIN presentó el 28 de junio de 2013 la Moción en Cum-plimiento de Resolución y Solicitando Auxilio del Tribunal para Incautación de Obra Notarial. Mediante la Moción en Cumplimiento de Orden de 12 de agosto de 2013, el letrado nos informa que no ha podido reconstruir ninguna de las *118 escrituras o páginas extraviadas para 2005, 2006 y 2008.(1) Igualmente, detalla que existen deficiencias arancelarias y otras pendientes de subsanar en las escrituras.
La ODIN resalta que con relación a las deficiencias arancelarias, sólo puede determinar que el letrado adeuda $4,048. Ello, pues, no puede determinar la cuantía en se-llos a pagar por la pérdida de los distintos Protocolos, ya que carece de los documentos públicos para establecerla.
Así las cosas, y en relación con la reconstrucción del protocolo, ODIN recomendó que se ordene: (1) encuadernar los índices mensuales donde se detallan las escrituras ex-traviadas que forman parte de esos Protocolos y, una vez encuadernados, se autorice su aprobación para sustituir los Protocolos originales; (2) colocar una hoja intermedia en los instrumentos públicos cuyos folios se han extraviado donde conste que éstos desaparecieron, y (3) pagar $4,048 por el letrado con relación a la cancelación de los aranceles que se pudieron determinar que eran adeudados.
De otra parte, ODIN llama nuestra atención hacia otro asunto. Destaca que de lo informado por el licenciado Ro-senbaum, surge que éste es residente bona fide del estado de la Florida. Sin embargo, ODIN nos indica que no surge que el letrado haya designado a un notario sustituto para custodiar su protocolo. Siendo ello así, recomienda la in-cautación de la obra notarial del licenciado Rosenbaum.
II
El Protocolo de un notario es la colección ordenada de las escrituras matrices y actas que autoriza durante un año natural. Art. 47 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2071. Por disposición expresa de ley, los Protocolos pertenecen al Estado. Art. 48 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2072. El notario es simple- *119 mente su custodio, encargado de guardarlos celosa y responsablemente para que no se pierdan o deterioren. In re González Maldonado, 152 DPR 871 (2000); In re Sánchez Quijano, 148 DPR 509 (1999).
Ante ello, la responsabilidad de guardarlos cuidadosamente resulta una función inherente al otorgamiento correcto de los instrumentos públicos, sin que esa función de custodia sea inferior a la propia autorización del documento público. Así, este Tribunal ha expresado que “ ‘[e]n su función de dador de fe pública el notario ha de ser pundonoroso, nada más lógico admitir que también ha de serlo en su carácter de guardador’ ”. In re Antonio Ríos Acosta, 128 DPR 412, 415 (1991), citando a A. Neri, Tratado teórico y práctico de derecho notarial, Buenos Aires, Eds. Depalma, 1971, T.4, págs. 90-95. Como consecuencia, al no-tario se le exige que nombre a otro notario para que lo sustituya cuando se ausente de su oficina por cualquier causa que no sea permanente. Esta designación debe ser notificada a la ODIN. El notario sustituto será, en estos casos, responsable de la custodia y conservación de los Protocolos. 4 LPRA sec. 2013.
En casos de pérdida o destrucción de Protocolos, el Art. 55 de la Ley Notarial de Puerto Rico dispone el mecanismo para reconstruirlos. 4 LPRA see. 2079. Al utilizarlo, el notario debe obrar con diligencia y probado esfuerzo, ya que de su gestión dependerán terceras personas que confiaron en él para preservar diversos negocios jurídicos. Sencillamente, el notario debe desplegar el mismo celo, esmero y dedicación que se le exige para la ejecución de las demás funciones notariales al momento de reconstruir Protocolos extraviados o inutilizados. In re López Cordero, 164 DPR 710, 716-718 (2005).
El proceso de reconstrucción está consignado en la Regla 58A del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV. En lo pertinente, cuando las gestiones *120 para reconstruir un Protocolo resulten infructuosas, se desglosan todas las acciones realizadas acompañadas de documentos fehacientes que las acrediten, y que a pesar de esto no ha sido posible la reconstrucción. De ello ser así, este Tribunal podrá ordenar la colocación de una hoja en sustitución de los documentos que falten. En esta hoja se hará constar que los números intermedios desaparecieron o se inutilizaron. En cuanto a los derechos arancelarios de protocolos que no han sido aprobados, es la obligación del notario cancelar a sus expensas el documento que susti-tuyó al original. Además, este Tribunal podrá eximir al no-tario de cancelar estas estampillas. Id.
El compromiso del notario es de tal grado con relación al cuidado de los Protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, supra, impone sobre éste la responsabilidad por su deterioro o pérdida. El notario estará obligado a reponerlos o restaurarlos a sus expensas. Id. Sin embargo, aun cuando el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas. Id.
III
En el caso de autos, el licenciado Rosenbaum otorgó un sinnúmero de documentos públicos que se han extraviado; los cuales, a pesar de su esfuerzo, no podrán ser reconstruidos. Ciertamente, el licenciado realizó gestiones para reconstruir los referidos Protocolos. Sin embargo, y debido a que estos en su mayoría están relacionados con entidades bancarias que fueron liquidadas, las gestiones han sido infructuosas e impiden la restauración de los re-feridos Protocolos.
Entendemos que el licenciado Rosenbaum faltó a su función notarial al incumplir con su deber como deposita-rio de los Protocolos del Estado. La severidad de lo ocurrido consiste en la pérdida de sesenta y tres escrituras públicas *121 otorgadas durante el 2005 y ciento siete instrumentos pú-blicos otorgados durante el 2006. La mayoría de estos do-cumentos corresponden a la cancelación de hipotecas. Tam-bién, existen escrituras que no contienen las últimas páginas y otras deficiencias. Incluso, el letrado faltó a su deber de nombrar un notario sustituto en su ausencia. Tal proceder demuestra una falta de cuidado impropia de su función como notario, la cual merece ser sancionada por este Tribunal.
IV
Como resultado de lo anterior, decretamos la suspensión inmediata e indefinida del Ledo. Ronald L. Rosenbaum del ejercicio de la notaría. Le imponemos, además, el deber de notificar a todos sus clientes de su presente inhabilidad para seguir actuando como notario público, devolver cua-lesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión como notario pú-blico a los distintos foros administrativos y judiciales. De-berá, a su vez, certificarnos dentro del término de treinta días, que ha cumplido con lo aquí dispuesto.
Por su parte, ordenamos a la ODIN que encuaderne los índices mensuales del Tomo 7 del Protocolo del 2005 (Escri-turas 355 a 418) y los Tomos 14, 15 y 16 del Protocolo del 2006 (Escrituras 198 a 305) para su aprobación en sustitu-ción de los Protocolos originales. En cuanto a los folios ex-traviados, la ODIN colocará una hoja intermedia en los instrumentos públicos cuyos folios se extraviaron para sustituirlos. En la hoja intermedia se debe hacer constar que los números intermedios de esos instrumentos públicos desaparecieron. Con relación al pago de los sellos arance-larios y la encuadernación de los índices mensuales, el li-cenciado Rosenbaum deberá satisfacer la cantidad que ODIN determine a estos efectos. La Oficina del Alguacil de este Tribunal procederá a incautarse del sello y de la obra *122 notarial del Ledo. Ronald L. Rosenbaum, y los entregará a la ODIN para su examen e informe a este Tribunal.

Se le apercibe al licenciado Rosenbaum que la presente acción disciplinaria no lo exime de tener que subsanar, a sus expensas, las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Rodríguez Rodríguez conce-dería al licenciado Rosenbaum un término corto para que se exprese sobre el escrito presentado por la Oficina de Inspección de Notarías en ánimos de brindar las garantías del debido proceso de ley y conforme con el Art. 65 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 LPRA see. 2105). La Jueza Asociada Señora Fiol Matta no intervino.

 Además de los documentos antes mencionados, falta la página 26 de la Escritura Núm. 178 del Protocolo del 2008.